IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CLAUDE D. RHODES | ) |
| | ) CIVIL ACTION NO.: _____ |
| Plaintiff | ) |
| | ) |
| -against- | ) JURY TRIAL DEMANDED |
| | ) |
| VISIONQUEST NATIONAL, LTD | ) |
| dba VISIONQUEST ACADEMY | ) |
| | ) |
| Defendant | ) *ELECTRONICALLY FILED* |

## COMPLAINT

AND NOW, comes Plaintiff, Claude D. Rhodes, by and through his counsel, McCarthy Weisberg Cummings, P.C., who files this Complaint by respectfully stating the following:

1. This Court has jurisdiction over this matter pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* (the "ADA").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which was docketed as Charge number 846-2013-20640 on May 24, 2013. Plaintiff received a Right to Sue letter

from the EEOC on March 13, 2014. Plaintiff has complied with all the jurisdictional and administrative prerequisites to this action under the applicable statutes.

4. Plaintiff demands that any and/or all issues in this case be tried by a jury.

5. Plaintiff, Claude D. Rhodes, is an adult individual residing at 1250 Hillendale Road, Chambersburg, Franklin County, Pennsylvania 17202.

6. Plaintiff is a disabled veteran suffering from arteriosclerotic heart disease with left ventricular hypertrophy and right bundle branch block.

7. Plaintiff's disability was diagnosed in 1997.

8. Defendant, VisionQuest National, LTD dba VisionQuest Academy, is an Arizona corporation, with a registered business address of 150 East Pennsylvania Avenue, Suite 430, Downingtown, Chester County, Pennsylvania 19335.

9. At all relevant times in the Complaint, Defendant owned and operated the VisionQuest Academy at South Mountain ("VQASM"), a highly structured residential program for adolescent males between the ages of 13 – 19, which is located at 1011 Rocky Mountain Road, South Mountain, Franklin County, Pennsylvania 17261.

10. At all relevant times in this Complaint, Defendant was an employer as defined in the ADA.

11. Plaintiff worked for Defendant as a Child Care Worker at VQASM for approximately one year in the timeframe of June 2004 to June 2005.

12. During Plaintiff's tenure of employment with Defendant, Plaintiff was disabled as described above; however, Plaintiff was able to perform the essential functions of his job without accommodation.

13. Plaintiff performed in at least a satisfactory manner during his tenure of employment and left Defendant's employment on his own terms.

14. On or about February 7, 2013, Plaintiff, referred by an employee of Defendant, completed an application to work for Defendant at VQASM.

15. Plaintiff was interviewed for a position as a Child Care Worker with Defendant on or about February 12, 2013.

16. During the interview process, Barry Williams, Program Director for Defendant, asked Plaintiff if there was anything that Defendant should know about him. Plaintiff advised Mr. Williams that occasionally he would need to miss work for doctor's appointments and, when questioned further by Mr. Williams, Plaintiff disclosed that he is a disabled veteran.

17. During the interview process, Plaintiff did not give any indication to Mr. Williams that he would not be able to perform the essential functions of a job at VQASM.

18. Plaintiff was aware that he would be able to perform the functions of a Child Care Worker without accommodation, other than occasionally needing to attend a doctor's appointment, because he had previously worked for Defendant.

19. On or about February 14, 2013, Plaintiff was advised by Barry Williams that although he met all of the qualifications for the job, Plaintiff would not be hired because Defendant felt he would be a liability because he is a disabled veteran.

20. Defendant did not enter into any interactive process with Plaintiff to determine what he would or would not be able to do with regard to the job in question.

21. Defendant regarded Plaintiff as not being able to do the job because his impairment is permanent.

**Count One**
**Refusal to Hire**
**Disability Discrimination**
**Americans With Disabilities Act**

22. Plaintiff incorporates by reference all of the allegations contained in all paragraphs above.

23. Plaintiff is within the protective class of individuals as designated by the ADA.

24. Plaintiff is a qualified individual with a disability.

25. Plaintiff was able to perform the essential functions of the job he applied for with a reasonable accommodation of being allowed to miss work occasionally for doctor's appointments.

26. Although Plaintiff would have been able to perform the essential functions of the job he applied for, Defendant regarded Plaintiff as having a disability, stating the Plaintiff would be a liability due to his being a disabled veteran.

27. Defendant violated the ADA and committed illegal discrimination by failing to afford Plaintiff a reasonable accommodation and by refusing to hire Plaintiff because he is disabled.

28. Defendant regarded Plaintiff as disabled even though Plaintiff would have been able to perform the essential functions of the job to which he applied.

29. Defendant further violated the ADA by failing to engage in a flexible interactive process with Plaintiff.

30. The illegal discrimination is based on whole or on part upon Plaintiff's disability or because Plaintiff is regarded as having a disability.

31. As a direct and proximate result of the conduct of Defendant in violating the ADA in discriminating against Plaintiff, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff demands that the Court declare the conduct engaged in by Defendant to be a violation of Plaintiff's rights under the Americans With Disabilities Act and award all compensatory damages, damages for failure to provide reasonable accommodation, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys fees and costs incurred herein and any pre and/or post judgment interest on all money awarded in damages for delay.

Case 1:12-cv-05170-JEJ Document 51 Filed 03/18/14 Page 6 of 7

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

March 18, 2014      /s/ Larry A. Weisberg_____
Date      Larry A. Weisberg, Esquire
PA Bar I.D. #: PA83410
lweisberg@mwcfirm.com

Derrek W. Cummings, Esquire
PA Bar I.D. #: PA83286
dcummings@mwcfirm.com
2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)

Attorneys for Plaintiff